(76 South. 790)

No. 22838.

STATE v. MALONE.

(Oct. 29, 1917. Rehearing Denied Nov. 26, 1917.)

*(Syllabus by the Court.)*

COUNTIES ⨂➾47—PARISH POLICE JURY—ORDI-
NANCE—VALIDITY.

A police jury has authority to enact an ordinance requiring the owners of cattle within the parish to have them dipped to destroy fever-carrying ticks. The operation and effect of the Act No. 127 of 1916, to confine the authority to enact ordinances for state-wide eradication of the cattle tick to the state live stock sanitary board, was suspended until the 1st of April, 1918; until which date, the authority to enact and enforce such ordinances was left with the police juries of the respective parishes. As the Act No. 127 of 1916 did not deprive a police jury of the authority to enact and enforce, at any time before the 1st of April, 1918, an ordinance requiring owners to dip their cattle, the repeal of the statute of 1916 by the Act No. 25, Extra Session of 1917, did not affect the ordinance or the authority of the police jury to enforce it.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; W. F. Blackman, Judge.

Abe Malone was accused of violating an ordinance of the police jury of the parish of Rapides, his demurrer to the bill of' information on the ground that the police jury had no authority to enact the ordinance was sustained, and the State appeals. Judgment annulled, and cause remanded to the district court.

A. V. Coco, Atty. Gen., and T. A. Carter, Dist. Atty., of Alexandria (Vernon A. Coco, of New Orleans, of counsel), for the State. Blackman, Overton & Dawkins and R. C. Culpepper, all of Alexandria, for appellee.

O'NIELL, J. The defendant was accused of violating an ordinance of the police jury of the parish of Rapides, requiring owners to dip their cattle, for the eradication of fever-carrying ticks. He filed a demurrer to the bill of information, contending that the police jury had no authority to enact

the ordinance. Judgment was rendered in favor of the defendant, sustaining his demurrer. The state prosecutes this appeal.

The learned counsel for the defendant contend that it was never within the authority or power of a police jury to enact an ordinance for the preservation of the health of cattle within the parish. They contend further that, if such authority was included in the powers conferred upon police juries, or if it might have been implied from the powers enumerated in the revised statutes, it was taken away from the police juries, and vested exclusively in the state live stock sanitary board, by the Act No. 127 of 1916. Our attention is also called to the fact that, since the appeal was taken in this case, the Legislature has enacted another comprehensive scheme for state-wide eradication of the fever-carrying cattle tick; i. e., the Act No. 25 of 1917 (Ex. Sess.); by which the Act No. 127 of 1916, and all laws or parts of laws in conflict with the provisions of the statute of 1917, were expressly repealed. It is contended that the statute of 1917 operated as a legislative pardon of any person who then stood charged with violating any ordinance of a police jury requiring him to dip his cattle.

Opinion.

Our opinion is that the police jury had authority to adopt the ordinance in question, under the fifth paragraph of section 2743 of the Revised Statutes. It provides that police juries shall have power—

"to pass all ordinances and regulations which they shall deem necessary in relation to the marking, the sale, destruction of cattle in general, and especially of wild cattle, which are not marked, * * * and to take any measures concerning the police of cattle in general, in all the cases not provided for by law," etc.

In the case of State v. Overby, 142 La. 21, 76 South. 220, it was held that the authority of the police jury of the parish of Morehouse to adopt an ordinance forbidding

the shipping of cattle from the parish without first having an inspection and a record of the marks and brands and general description made by the official cattle inspector provided for in the ordinance was included in, or necessarily implied from, the powers enumerated in the fifth paragraph of section 2743 of the Revised Statutes. We observe also that the sixteenth paragraph of that section of the Revised Statutes authorizes the police juries to enact ordinances and regulations to protect their respective parishes from the introduction of any or every kind of contagious disease.

We are also of the opinion that the police juries were not deprived of their authority to adopt ordinances for the preservation of the health of cattle, by the Act No. 127 of 1916. The statute is entitled:

"An act to provide for state-wide tick eradication throughout the state of Louisiana, and to provide for the expenses of conducting the work in the several parishes, to prescribe penalties for violations of this act, and to provide process to compel compliance by police juries and the members thereof with the provisions of this act, and of orders and regulations of the Louisiana state live stock sanitary board, and repealing all laws or parts of laws in conflict herewith."

The first section of the act gave to the state live stock sanitary board (created by the Act No. 274 of 1908) full power to make and enforce such rules and regulations as the board might deem necessary for the destruction and eradication of the Texas fever-carrying tick, commonly known as cattle tick, margaropus annulatus, throughout the state of Louisiana.

The second section of the act empowered the state live stock sanitary board to require any and all parishes in the state, not already engaged in systematic tick eradication work in co-operation with the state or federal authorities, or in which such work was not completed, to make provision for the construction and installation of the necessary number of dipping vats and the proper chemicals and other materials to be used in the systematic work of tick eradication, which should commence not later than the 1st of April, 1918. The second paragraph of that section of the statute provided that the time limit fixed for the commencement of compulsory or systematic dipping of cattle, to the 1st of April, 1918, did not prevent any parish that had made the necessary preparation and was anxious to commence the systematic or compulsory dipping of cattle from doing so prior to the 1st of April, 1918, in accordance with the provisions of the act. And the same paragraph declared that the state live stock sanitary board was especially directed, on the request of the police jury of any parish, to assist and co-operate with the parish desiring to conduct educational work in the eradication of the cattle tick.

It seems quite plain, therefore, that the operation and effect of the provisions of the Act No. 127 of 1916, to confine the authority to enact laws or ordinances for state-wide eradication of the cattle tick to the state live stock sanitary board, was suspended until the 1st of April, 1918; until which date, the authority to enact such ordinances was left with the police juries of the respective parishes.

As the statute of 1916 did not repeal the ordinance of the police jury, or take away the authority of the police jury to enact or enforce the ordinance at any time before the 1st of April, 1918, the repeal of the statute of 1916 by the act of 1917 did not affect the ordinance or the authority of the police jury to enforce it at any time before the 1st of April, 1918. The state is not prosecuting by or under authority of the Act No. 127 of 1916, and we cannot see what the repeal of that statute has to do with the case.

The judgment appealed from is annulled, and it is ordered that this case be remanded to the district court to be proceeded with according to law and to the views expressed herein.